# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TROY RICHARD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) NO. CIV-16-928-HE ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Plaintiff Troy Richard filed this action appealing the decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits. The case was referred to Magistrate Judge Shon T. Erwin for initial proceedings. Judge Erwin has issued a Report and Recommendation (the "Report") recommending that the Commissioner's decision be reversed and the case remanded for further proceedings.

The Commissioner has objected to the Report, which triggers *de novo* review by this court of the recommendations to which objection was made. 28 U.S.C. § 636(b)(1)(C). Plaintiff did not object to the Report, and has thereby waived his right to appellate review of the factual and legal issues it addressed. Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010). The court has conducted the necessary *de novo* review.

The Report sets out the background information and evidence as to plaintiff's condition, and the treatment of it by the administrative law judge ("ALJ") in the underlying Decision, including his discussion of the familiar five step process for evaluating disability claims. It is therefore unnecessary to recount that information here. What is at issue now

is whether or not the Report correctly rejected the ALJ's conclusion that plaintiff was not disabled, which conclusion was substantially based on a determination that (1) plaintiff's substance abuse was a material contributing factor to the disability determination, and (2) that, after excluding the impact of the substance abuse, plaintiff had a sufficient residual functional capacity to do other substantial work in the economy.

As the Report correctly noted, the process for making the necessary determinations was for the ALJ to determine at step 3 whether plaintiff had impairments sufficiently severe to qualify him as presumptively disabled.[1] Once he had done so, the ALJ was then obliged to conduct a further determination of whether plaintiff's substance abuse materially contributed to plaintiff's disability and, if so, to essentially back that factor out of the equation. *See* SSR 13-2P, Evaluating Cases Involving Drug Addiction and Alcoholism, 2013 WL 621536 (Feb. 20, 2013). The various standards then require the ALJ to make a further determination of whether plaintiff's other limitations, apart from the substance abuse, were sufficiently severe to qualify him as disabled. The Report concluded that remand was necessary because the ALJ did not make an explicit further calculation after determining that substance abuse was a material contributing factor.

It is true that the ALJ, in the underlying order, did not state in his Decision an explicit, step-by-step explanation of the alternate 5-step analysis after excluding the impact

---

[1] *If a claimant can show that an impairment or a combination of impairments is equivalent to an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1, "he is presumed to be disable and entitled to benefits."* Lax v. Astrue, *489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).*

2

of substance abuse. But that does not mean he did not do it and, in the circumstances existing here, the court concludes the necessary analysis was in fact conducted.

The Decision explicitly recognized the pertinent substantive requirement, noting that the judge needed to "evaluate the extent to which the claimant's mental and physical limitations would remain if the claimant stopped the substance use." TR. at 21.[2] It further noted that, if the remaining limitations were not disabling by themselves, the substance abuse would constitute a material contributing factor so as to bar a disability determination. *Id.* Applying these standards to plaintiff, the Order went on to conclude that, even if he stopped the substance abuse, severe impairments would remain, but that they were not severe enough to be equivalent to a listed impairment and establish disability. TR. at 26. The ALJ then went on to make the step 4 and step 5 determinations in light of plaintiff's reformulated residual functional capacity absent substance use. TR. at 27-32. That process is substantially the one required by the regulations.

The court concludes this is one of those cases where a "decision of less than ideal clarity" should be upheld because "the agency's path may reasonably be discerned." Davis v. Erdmann, 607 F.2d 917, 919 n. 1 (10th Cir. 1979). *See also*, Wall v. Astrue, 561 F.3d 1048, 1069 (10th Cir. 2009) (noting that ALJ's decisions must be read as a whole to prevent a remand that "would serve no other purpose than to needlessly prolong a protracted course

---

[2] *References to the transcript of the administrative record filed with the court will be TR. at [page number].*

3

of proceedings.") Concluding otherwise here would exalt form over substance to an unwarranted degree.

The related but distinct question is whether the Report correctly concluded there was no substantial evidence to support the ALJ's conclusion that plaintiff's hand tremors would go away or significantly subside if the substance abuse was stopped; i.e., the determination that the substance abuse was a material contributing factor to the initial finding of a disability.[3] Included in the evidence relied on by the ALJ was testimony from Dr. Baldwin that plaintiff's hand tremors "are expected to clear with appropriate medication schedule and discontinuation of drug/alcohol." Other evidence, though less explicit or clear, suggested the same thing. *See, e.g.*, T.R. at 1131-32. While there is evidence from which a contrary conclusion might be drawn, the court concludes the evidence from Dr. Baldwin plus the corroborating evidence from Dr. Lalani and other sources arises to the level of being "substantial" evidence. *See* Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010) ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.")[4] Once it is determined that substantial evidence exists to support a particular conclusion, this court's review must defer to that, as it is not the function of a reviewing court to "reweigh the evidence nor substitute

---

[3] *The Decision states the ALJ was "convinced that the claimant's hand tremors result from and persist[] as [a] result of the claimant's continue[d] consumption and abuse of illicit substances and alcohol." T.R. at. 25.*

[4] *It is noteworthy that the ALJ granted plaintiff's request to provide supplemental expert input on the question of whether his substance abuse was material to his disability, but plaintiff's subsequent submissions did not directly address that issue. Tr. 53, 62.*

[its] judgment for that of the agency." Vigil v. Colvin, 805 F.3d 1199, 1201 (10th Cir. 2015). As the court concludes substantial evidence existed to support the "materiality" determination, there is no basis for avoiding the ALJ's conclusion as to that issue.

Having concluded that remand is not necessary to state more explicitly the ALJ's step 3 analysis absent substance use, a further determination must be made as to plaintiff's remaining challenges to the residual functional capacity ("RFC") determination. These were not addressed in the Report, as it was unnecessary to reach them in light of the Report's other conclusions, but they require resolution now in light of the court's conclusions above.[5]

First, plaintiff argues that the ALJ's finding that he would have the RFC to perform a wide range of light work was not supported by substantial evidence. Doc. #16, p. 9-11. Specifically, plaintiff argues that, despite affording great weight to Dr. McKee's opinion, the ALJ did not "include in the RFC and/or hypothetical to the VE, [Dr. McKee's] limitations that Plaintiff could only carry out simple tasks dealing with objects as opposed to data, nor that Plaintiff required a supportive work environment, nor that the work environment should not be extremely stressful."[6] Id. at p. 9.

---

[5] *The government concedes the issues remain for resolution in light of this court's determination that remand is unnecessary to resolve the "materiality" issue. Doc. #28, p. 2 n.1. Further, neither party objected to the Report's conclusion that plaintiff did not adequately support or develop his argument challenging the ALJ's credibility determination or his argument alleging that the ALJ had failed to adequately develop the record; the court will adopt those conclusions.*

[6] *Plaintiff also argues that two other doctors' reports should have been weighed differently by the ALJ, in that he claims the reports do not support the ALJ's RFC determination. Doc. #16, pp. 10-11. But, as noted above, this court will "neither reweigh the evidence nor substitute [the court's] judgment for that of the agency." Virgil v. Colvin, 805 F.3d 1199, 1201 (10th Cir. 2015).*

The ALJ specifically noted that plaintiff should "make only simple work-related decisions; deal with only occasional changes in work processes and environment; have no contact with the general public; [and] have only incidental, superficial work-related type contact with co-workers and supervisors, i.e., brief, succinct, cursory, concise communications relevant to the task being performed." T.R. at 27. While this language does not mirror that of Dr. McKee, nothing requires an ALJ to adopt a physician's terminology; "there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). Here, the ALJ's limitations and finding that plaintiff could only perform "light work" are supported by Dr. McKee's report and other substantial evidence in the record.

Plaintiff second remaining RFC challenge alleges that the "ALJ failed to perform the requisite function-by-function assessment in accordance with SSR 96-8p." Doc. #36, p. 11. As plaintiff notes, "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . ." Social Security Ruling 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184, *1 (July 2, 1996) ("SSR 96-8p"). Plaintiff argues that definition of "light work" in 20 C.F.R. § 404.1567(b), as utilized by the ALJ, does not demonstrate how the function-by-function analysis was performed, and thus, the ALJ could not have properly assessed his "actual ability to walk, sit, stand, push, and pull." Doc. #16, p. 12.

6

But the fact that the ALJ states his finding first, using the definition of light work, and then provides the explanation for how that finding was reached does not render his ruling procedurally defective. The ALJ explains that plaintiff would be limited to light work because he "can only: occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ropes, ladders, and scaffolds; must avoid all heights; [and] frequently, but not constantly, use his upper extremities for handling and fingering." TR. at 27. Further, in explaining the rationale for finding #8, the ALJ notes that plaintiff was diagnosed with epilepsy which resulted implementation of seizure safety limitations (many of which are represented above); that, while his seizures were medically intractable, plaintiff's seizures appeared well controlled by ongoing medication therapy; that while plaintiff showed evidence of rib abnormalities due to a prior accident, there were no current rib issues other than pain for which plaintiff only sought medications, not any rehabilitative therapies to address chronic pain; and that plaintiff suffered from depression disorder and anxiety disorder, but generally in all medical reports had "intact thought processes, thought content, memory, intellectual functioning, attention, concentration, and social functioning." TR. at 27-29.

The court concludes that it is not necessary to remand for an additional function-by-function assessment. It is proper for an ALJ to "account for moderate limitations by limiting the claimant to particular kinds of work activity." Smith v. Colvin, 821 F.3d 1264, 1269 (10th Cir. 2016).

For these reasons, and after *de novo* review of those aspects of the Report to which objection was made, the recommendations of the Report are accepted in part and declined

in part as indicated.  The court **AFFIRMS** the Commissioner's decision denying plaintiff's application for benefits under the Social Security Act.

**IT IS SO ORDERED**.

Dated this 16th day of February, 2018.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE